```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Christopher R. Hall,            :    CIVIL ACTION
                                :    NO. 19-4382
        Plaintiff               :
    v.                          :
                                :
Shawn Nisbet, et al.,           :
                                :
        Defendants              :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                           DECEMBER 20, 2022

## I.   INTRODUCTION

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 79), Plaintiff's Motion for Summary Judgment (ECF No. 86), and Defendants' Response (ECF No. 87). The Court had previously ordered Defendants to file a motion for summary judgment to address the remaining claims in the case following the Third Circuit Court of Appeals' Order affirming in part and vacating and remanding in part the Court's May 25, 2021 Order granting Defendants' First Motion for Summary Judgment. See Order, ECF No. 58 (granting summary judgment); Order, ECF No. 67 (order from Third Circuit affirming and vacating in part); Order, ECF No. 74 (directing Defendants to file a motion for summary judgment). The Third Circuit specifically vacated the Court's prior Order in part because it was unclear whether the Court had found that Plaintiff's claims that accrued before his

1

conviction were nonetheless substantively barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Given that Defendants have established that (1) the protective sweep of Plaintiff's residence was proper; (2) the protective sweep was essential to obtaining probable cause to support the search warrant; (3) the execution of the search warrant revealed evidence supporting probable cause to arrest Plaintiff; (4) Plaintiff was arrested pursuant to a duly executed warrant; and (5) the evidence obtained during the search and arrest were essential to Plaintiff's state-court conviction, any challenge to either Plaintiff's arrest or the search of his residence would necessarily imply the invalidity of his conviction. Accordingly, Plaintiff's claims are substantively barred by Heck and Defendants' Motion for Summary Judgment (ECF No. 79) is granted.

## II.  BACKGROUND

On April 9, 2019, Plaintiff Christopher Hall was convicted by a jury in the Court of Common Pleas of Montgomery County of six counts of illegal possession of a firearm, two counts of narcotics violations, and three counts of receiving stolen property. The conviction was supported by evidence seized from Plaintiff's residence when police officers conducted a protective sweep in response to a domestic disturbance call from a neighbor on December 21, 2017.

2

The Superior Court affirmed Plaintiff's conviction, and the Supreme Court of Pennsylvania denied allowance of appeal. Commonwealth v. Hall, 266 A.3d 605 (Table), 2021 WL 4520327 (Pa. Super. Ct. Oct. 4, 2021), appeal denied by 274 A.3d 721 (Table) (Pa. Mar. 9, 2022) (per curiam). The Superior Court specifically affirmed the trial court's finding that "exigent circumstances excused the need for a warrant to enter the residence," in light of "[Plaintiff's] outstanding warrant for aggravated assault, his connection to the property, the screaming inside the residence, and the details provided by the 911 caller . . . ." Hall, 2021 WL 4520327, at *5. Thus, the initial entry into and protective sweep of the residence were proper. The Superior Court also found that the search warrant executed on the basis of the information obtained during the protective sweep was supported by probable cause. Id. at *5-7. Plaintiff does not appear to have filed any petitions for postconviction relief with the Court of Common Pleas.

Plaintiff's pro se complaint alleges violations of his constitutional rights by officials acting under color of state law, pursuant to 42 U.S.C. § 1983. Defs.' Renewed Mot. for Summ. J. 2 [hereinafter "Defs.' Mot."], ECF No. 79. His claims arise from (1) a search warrant executed at Plaintiff's residence when police officers entered his home after a reported disturbance, and (2) an arrest warrant later executed. Id. at 4-5.

3

The Court granted Defendants' First Motion for Summary Judgment because Plaintiff's claims were either meritless or barred by Heck v. Humphrey. Order, ECF No. 58. The Court reasoned that "a judgment in favor of Plaintiff would 'necessarily imply the invalidity of his conviction,' see Heck, 512 U.S. at 487, given Plaintiff's allegations that the search was illegal and an invasion of his privacy and that the officers knowingly and deliberately made false statements that created a falsehood in applying for the warrant at issue." Order, ECF No. 58 (citing United States v. Rice, 825 F. App'x 74, 76-77 (3d Cir. 2020)). Moreover, because Plaintiff had not proved that his underlying conviction or sentence was reversed, expunged, or invalidated, his claims were barred by Heck. Id.

Plaintiff then appealed to the Third Circuit. The Third Circuit Court of Appeals vacated and remanded the Court's ruling on Plaintiff's Fourth Amendment claims and pendent state law claims, for further analysis of whether Plaintiff's invalid search and false arrest claims that accrued before his conviction were substantively barred by Heck. Mem. Op. 4, ECF No. 67-1. The Third Circuit affirmed the Court's ruling regarding the rest of Plaintiff's claims. Following the Third Circuit's Order, the Court directed Defendants to file another motion for summary judgment on the remaining Fourth Amendment and state-law claims. Order, ECF No. 74.

4

Defendants maintain that Plaintiff's claim is substantively barred by Heck--any challenge to the underlying search and arrest warrants would necessarily impugn the validity of Plaintiff's state-court conviction, and so Plaintiff's claims cannot be reviewed by the Court unless and until Plaintiff obtains a favorable judgment on his conviction in the state courts below. Defs.' Mot. at 7-9. Plaintiff, on the other hand, continues to argue the merits of his claim--that the search of his residence was invalid and unconstitutional as the events leading to the search of his residence did not rise to the level of the exigency exception to a warrantless search. Pl.'s Mot. 6, ECF No. 86.

### III. LEGAL STANDARD

#### A. Summary Judgment

Summary judgment is proper if there is no genuine dispute of material fact and if, viewing the facts in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). This occurs when a party, "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential" to their case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material "if it 'might affect the outcome of the suit under the governing law.'" Physicians Healthsource, Inc. v.

5

Cephalon, Inc., 954 F.3d 615, 618 (3d Cir. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A factual dispute is genuine "if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248). The Court is not to make credibility determinations, weigh evidence, or draw inferences from facts at this stage. Anderson, 477 U.S. at 255.

### B. The Heck v. Humphrey Bar

Under Heck, a prisoner's § 1983 claim is barred "unless and until the conviction or sentence is reversed, expunged invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 489 (1994). A plaintiff's case must be dismissed if judgment in their favor "would necessarily imply the invalidity of his conviction or sentence . . . ." Id. at 487.

The Heck favorable-termination bar applies when a plaintiff's claims implicate the fact or duration of his confinement. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)); McBride v. Cahoone, 820 F. Supp. 2d 623, 632 (E.D. Pa. 2011); Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 (3d Cir. 2014) (holding that allegations of "poisoned material evidence that was wrongly introduced" into a plaintiff's criminal proceedings are barred by the favorable termination

6

rule of Heck because such allegations challenge the integrity of the prosecution); Bressi v. Brennan, 823 F. App'x 116, 119 (3d Cir. 2020) (finding that false arrest and false imprisonment claims brought under § 1983 are barred by Heck as such claims necessarily imply the invalidity of a conviction or sentence); cf. Vickers v. Childs, 530 F. App'x 104, 105-06 (3d Cir. 2013) (distinguishing between non-barred claims, which challenge prison conditions, and barred claims, which challenge the fact or duration of confinement (quoting Torres v. Fauver, 292 F.3d 141, 145 (3d Cir. 2002)). A prisoner thus can only obtain relief on a challenge to his fact or duration of confinement through habeas corpus proceedings. See Coello v. DiLeo, 43 F.4th 346, 352 (3d Cir. 2022) (quoting Heck, 512 U.S. at 480-81).

However, claims that accrue before a prisoner is convicted, such as a claim for an unlawful search or unlawful arrest, are not necessarily barred by Heck:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful. In order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury, which, we hold today, does not encompass the "injury" of being convicted and imprisoned (until his conviction has been overturned).

Heck, 512 U.S. at 487 n.7 (citations omitted). A claim for false arrest accrues at the time a claimant becomes detained pursuant to legal process, that is, a valid arrest warrant. Wallace v. Kato, 549 U.S. 384, 397 (2007). A plaintiff's damages for false arrest thus "cover the time of detention up until issuance of process or arraignment, but not more." Id. at 390 (quoting W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on Law of Torts § 119, p.888 (5th ed. 1984)).

## IV. DISCUSSION

Plaintiff contends that his § 1983 claims for violations of the Fourth Amendment for falsified warrants are not barred by Heck. At issue is whether a finding that Plaintiff had successfully challenged the search warrant and his arrest "would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487. As explained below, because Plaintiff has not pointed to evidence that would contradict the state courts' findings (1) that the search and search warrant were valid, and the evidence seized during the search was critical for Plaintiff's conviction; and, (2) that the evidence seized during the search was the basis for the arrest warrant, Plaintiff's claims are barred by Heck. Accordingly, Defendants' Motion for Summary Judgment is granted.

The Court first addresses the legality of the search of Plaintiff's residence. The responding officers observed

8

contraband during the protective sweep of the residence, which provided grounds for a formal search warrant. Hall, 2021 WL 4520327, at *1. The protective sweep was found by the state courts to be appropriate given that the 911 call reported a physical domestic altercation; that the address was associated with Plaintiff, for whom there was an outstanding warrant for aggravated assault; and the officers' perception of screaming inside the residence upon their arrival. Id. at *5. When executing the search warrant, officers found numerous live marijuana plants; drug paraphernalia; instruments used for weighing, packaging, and distributing contraband; equipment used for growing marijuana, including grow lights, humidifiers, and fertilizer; mail addressed to Plaintiff and his spouse; and, five handguns, four of which were located under the mattress in the master bedroom. Id. at *1-2.

Plaintiff was convicted of six counts of illegal possession of a firearm, two counts of narcotics violations, and three counts of receiving stolen property.

Impugning the validity of the search warrant would necessarily undermine the firearms convictions. Plaintiff's claim here, as a challenge to "evidence used to secure an indictment and at a criminal trial . . . . directly challenges-- and thus necessarily threatens to impugn--the prosecution

9

itself." McDonough v. Smith, 139 S. Ct. 2149, 2159 (2019) (citing Heck, 512 U.S. at 486-87).

The firearms were discovered in the master bedroom, where identifying documents and mail addressed to both Plaintiff and his spouse were recovered. Hall, 2021 WL 4520327, at *2. Four handguns were found under the mattress in the bedroom, and a fifth firearm was recovered from a wardrobe containing men's clothing and paperwork with Plaintiff's name in that same room. Id. Although DNA evidence on the firearms was inconclusive, text messages recovered from phones belonging to Plaintiff and his spouse indicated that Plaintiff was aware that guns were in the room. Id.

As Defendants state, "but for the searches of his Residence, the weapons, drugs and drug paraphernalia would not have been seized." Defs.' Mot. at 19, ECF No. 79. Thus, the search was a crucial part of obtaining the evidence to support the conviction against Plaintiff in the state courts below and challenging the propriety of that search would certainly impugn Plaintiff's conviction.

Although Plaintiff contends that the warrants are unconstitutional because his spouse, Erica Johnson, was incorrectly noted as being inside the residence at the time the police responded to the disturbance call, Plaintiff has not pointed to evidence indicating that this mistake is a

10

compensable harm, distinct from his conviction. Thus, any argument about the constitutionality of the search warrant, given the mistaken description of Ms. Johnson's whereabouts, is substantively barred by Heck. Nor has Plaintiff pointed to evidence that would create a genuine dispute of material fact that, "doctrines like independent source and inevitable discovery, and especially harmless error," would have allowed his conviction to stand on other grounds. See Heck, 512 U.S. at 487 n.7 (citations omitted).

Plaintiff next claims that he was unlawfully arrested because the arrest warrant was falsified. Defs.' First Mot. for Summ. J. 12, ECF No. 26. Plaintiff uses the inconsistencies among the different responding officers' reports as "evidence" that the reports were falsified and therefore were an improper basis for the arrest warrant. Plaintiff also avers that probable cause was lacking: Defendant Nisbet "used this situation to search and create a[n] arrest warrant for the plaintiff." Compl. at 7, ECF No. 1 at 15. However, because Plaintiff fails to point to evidence indicating that a finding of unconstitutional arrest would not necessarily imply the invalidity of his conviction, Plaintiff's claim is substantively barred by Heck.

Defendants point out that the information underlying the arrest warrant for Plaintiff was obtained during the duly authorized search of his residence. Defs.' Mot. at 19, ECF No.

11

79. Plaintiff does not argue otherwise. Where, at the time of a plaintiff's arrest, the officers "had access to all the information" regarding the alleged offense, "either second-hand, through [a civilian's] complaint, or first-hand, through observation of [a plaintiff's] behavior," then a plaintiff's claims of false arrest and unlawful conviction are necessarily intertwined. Burke v. Township of Cheltenham, 742 F. Supp. 2d 660, 669-70 (E.D. Pa. 2010). Thus, because the arrest warrant was obtained on the basis of the evidence seized and information ascertained pursuant to the search of the residence, a challenge to the arrest warrant would necessarily implicate the search warrant. The presence of the firearms in Plaintiff's bedroom, along with a number of documents addressed to him, at his legal residence, provides probable cause for an officer to believe that Plaintiff possessed or constructively possessed the firearms.

It is noted throughout the police incident reports that Plaintiff had an outstanding arrest warrant for aggravated assault at the time of the domestic disturbance call and protective sweep. See Compl. Ex. A, ECF No. 1 at 28-37. In theory, Plaintiff could have been arrested on the basis of the outstanding warrant instead, thus distinguishing the basis of Plaintiff's arrest from the search itself and allowing the claim for damages to survive under Heck. See Heck, 512 U.S. at 487

12

n.7. But Plaintiff does not argue that he was or could have been arrested on the existing warrant instead of the arrest warrant issued following the search of his residence.

The existing arrest warrant arguably contributed to the responding officers' determination that "exigent circumstances" existed to justify a protective sweep of the residence. Plaintiff claims that the protective sweep was pretext to arrest him on his outstanding warrant. See Compl. at 10, ECF No. 1 at 17. But if Plaintiff were to successfully argue that the initial protective sweep of his residence was unconstitutional, he necessarily would question the validity of his conviction, as the information obtained during the protective sweep provided probable cause for the search warrant, which in turn provided probable cause for the arrest warrant.

## V. CONCLUSION

Plaintiff has failed to demonstrate that a challenge to the facts underlying the search of his residence and the warrant for his arrest would not necessarily imply the invalidity of his conviction. Rather, he has affirmed Defendants' argument that the facts underlying the search and arrest warrant are one and the same and were essential to obtaining his state-court conviction.

Accordingly, Plaintiff's Fourth Amendment claims are barred by Heck, and Defendants' Motion for Summary Judgment is granted.

13

Because there are no remaining federal claims, the Court lacks pendent jurisdiction over Plaintiff's state-law claims arising out of the same search and arrest. Thus, Plaintiff's state-law claims must also be dismissed.

An appropriate order follows.